Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

District of ARIZONA

| | |
|---|---|
| **Leonard Bridewell** | ) Case No. **CV-21-02074-PHX-SMM** |
| | ) |
| *Plaintiff(s)* | ) |
| | ) Jury Trial: *(check one)* ☑ Yes ☐ No |
| | ) |
| -v- | ) |
| | ) |
| **Fedex Corporation** | ) |
| *Defendant(s)* | ) |
| | ) |

FILED ___ LODGED
RECEIVED ___ COPY

DEC 07 2021

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

## COMPLAINT FOR A CIVIL CASE

I.  **The Parties to This Complaint**

A.  **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Leonard Bridewell |
| Street Address | PO BOX 5791 |
| City and County | PEORIA in MARICOPA COUNTY |
| State and Zip Code | ARIZONA 85385 |
| Telephone Number | N/A |
| E-mail Address | BWELLLIFE@GMAIL.COM |

B.  **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

> Name  Fedex Corporation, et al.
>
> Job or Title *(if known)* Attn: Legal Department
>
> Street Address  3620 Hacks Cross Building B, 3rd Floor
>
> City and County  Memphis in the County of Shelby
>
> State and Zip Code  TN, 38125
>
> Telephone Number
>
> E-mail Address *(if known)*

Defendant No. 2

> Name
>
> Job or Title *(if known)*
>
> Street Address
>
> City and County
>
> State and Zip Code
>
> Telephone Number
>
> E-mail Address *(if known)*

Defendant No. 3

> Name
>
> Job or Title *(if known)*
>
> Street Address
>
> City and County
>
> State and Zip Code
>
> Telephone Number
>
> E-mail Address *(if known)*

Defendant No. 4

> Name
>
> Job or Title *(if known)*
>
> Street Address
>
> City and County
>
> State and Zip Code
>
> Telephone Number
>
> E-mail Address *(if known)*

## II.   Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question          ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.   If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Title VII of the Civil Rights Act

### B.   If the Basis for Jurisdiction Is Diversity of Citizenship

1.   The Plaintiff(s)

a.   If the plaintiff is an individual

The plaintiff,  *(name)* _____ , is a citizen of the State of *(name)* _____ .

b.   If the plaintiff is a corporation

The plaintiff,  *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)* _____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.   The Defendant(s)

a.   If the defendant is an individual

The defendant,  *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

b.   If the defendant is a corporation

The defendant,  *(name)* _____ , is incorporated under

the laws of the State of *(name)* _____ , and has its

principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.   The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## The amount in Controversy is $300,000.00

---

### III.   Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

### See attached Statement of Claims

---

### IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

### See attached Statement of Relief

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____

Signature of Plaintiff _____

Printed Name of Plaintiff    LEONARD BRIDEWELL

### B.    For Attorneys

Date of signing:    12 / 7 / 21

Signature of Attorney _____

Printed Name of Attorney _____

Bar Number _____

Name of Law Firm _____

Street Address _____

State and Zip Code _____

Telephone Number _____

E-mail Address _____

## STATEMENT OF FACTS

On 12/19/2018 Plaintiff started his part-time employment with Fedex Corporation. Plaintiff was an employee at the Scottsdale hub during this time.

On 12/14/19, after one year of excellent service, no write-ups or customer complaints, plaintiff decided to put in a bid for a full-time position at a separate Fedex location within the Phoenix area. Plaintiff was eventually offered a full-time position at a Phoenix location with a starting salary of $18.49 per hour, (**See exhibit 1**).

**NOTE: Due to an unfortunate medical issue around the time of plaintiffs transition ti his new employer, plaintiff began to experience medical difficulties. He was advised of a procedure that would essentially solve and prevent future serious issues. The procedure was to take place March 17th, 2020 and would require time off for healing. The procedure was to take place in Provo, Utah. Plaintiff purchased flight tickets for he and his family using the employee flight benefits provided by Fedex.**

On 02/25/2020 plaintiff began his first day at his new location at **4475 N 43rd Ave, Phoenix, AZ 85031**. Plaintiff was hired as a full-time Swing Driver. With a schedule of Tue-Sat 8am to 6pm. On Plaintiffs first day of employment he was introduced to Connie Saxton (then hiring manager).

**STATEMENT OF FACTS**

Later this same week, plaintiff would go on to explain to Ms. Saxton and his new boss Rick Mills, that he would be taking off due to an unfortunate and sudden need for a medical procedure. Plaintiff explained he would be taking time off to heal.

On 03/04/2020, upon returning to work, plaintiffs employee ID suddenly went missing minutes after walking into his hub and moments after using it to enter into the property gates with his company vehicle. Plaintiff brought the suspicious disappearance of his employee ID to the attention of Connie Saxton, who was on duty this day, however she advised plaintiff to "be patient" regarding the sudden missing employee ID, claiming she was sure it would soon surface. Plaintiff in return asked Ms Saxton if he would need his employee ID to board his flight for surgery, Ms Saxton informed plaintiff he would she believed he would. Plaintiff then asked Ms Connie to please alert HR of the incident due to the fact he felt the disappearance of the ID may require further investigation. Plaintiff insisted video cameras were checked. Plaintiff insisted he'd simply turned away from his ID for one moment. When plaintiff brought his concerns to his boss, Rick Mills, via email (**See exhibit 2**), Mr Mills never responded. Suddenly and seemingly out of nowhere, from March 8th through March 13th of 2020, plaintiffs manager Rick Mills attempted to give various vocal and verbal written documentation to plaintiff for various supposed offenses in which plaintiff disagreed with most. (**See exhibit 3**).

### STATEMENT OF FACTS

After stressing the importance of having identification for plaintiffs flight, HR eventually mailed plaintiff a new ID in time for his flight. On March 17th 2020, plaintiff flew to Provo, Utah and had a successful surgery. He returned to work on May 12th 2020.

After returning from surgery, on 05/23/2020, plaintiff contacted HR regarding an issue where plaintiffs boss, Rick Mills, informed another employee to tell him there were no floating holidays for a holiday plaintiff was inquiring about. Plaintiff was told there was no floating holiday, only for plaintiff to arrive to work on the day in question, and immediately be greeted with "I didn't expect to see you today", from another manager. When asked what he was referring to the manager informed plaintiff he had the day off due to his floating holiday.

Plaintiff questioned the manager whom told him there was no floating holiday and was told he was informed by manager Rick Mills to relay the incorrect message to plaintiff. Plaintiff later finds there was indeed a floating holiday missed, so plaintiff decided to work the day instead. Plaintiff addressed this matter in an email to HR, **(See exhibit 4)**. From 05/23/2020 until 07/21/2020, plaintiff continued to endure off beat, strange occurrences. Plaintiff eventually addressed his concern in an email to HR. **(See exhibit 4.1)**. On July 8th 2020, plaintiff walked into a Fry's in Avondale for to take his lunch. Plaintiff clocked out at exactly 2:00pm.

## STATEMENT OF FACTS

Plaintiff removed his work shirt, hat and walked into the Fry's grocery. Plaintiff proceeded to ask a store employee for directions to the restroom. Afterwards, plaintiff walked to the Deli, where there he decided to not purchase any food at all. Plaintiff purchased a water and exited the store.

About an hour and forty five minutes later, after finishing his shift, plaintiff returned to his home-base where Rick Mills appeared to be anxiously awaiting plaintiffs arrival. Mr Mills was pacing next to the employee time clock. Mr Mills spots plaintiff and calls him into his office where he then begins to explain of an incident that had taken place earlier that day at a Fry's Grocery in Avondale. Mr Mills bodly asserted that plaintiffs name was mentioned in the matter and that the **Avondale Police** where involved. Plaintiff was asked to write a statement of his events and actions while inside the Fry's store during his lunch break. Including what he was wearing, what he bought and who he spoke with. Plaintiff was informed by Rick Mills that the matter would be heavily investigated. When plaintiff asked for details surrounding his involvement, plaintiff was told the matter was "under investigation", and details could not be given. Plaintiff informed Mr Mills he would look into the matter himself after leaving company grounds. After leaving work that evening, at 5:59pm, (**See exhibit 5**), plaintiff then contacted the Avondale PD to inquire about the incident his boss informed him of earlier.

### STATEMENT OF FACTS

The incident Rick Mills informed him involved The Avondale Police Department. It was explained to plaintiff by the officer whom took the call that in fact no calls had been made regarding the particular Fry's plaintiff spoke of in Avondale, AZ the prior two days she stated. Plaintiff also emailed Carla Washington to let her know of the incident as well. (**See exhibit 5.1**).

At 9:33pm this same evening, plaintiff decided to call the Avondale Police station one final time to confirm if there was a mixup of any sorts. Plaintiff wanted to clear his name of any wrong doing. When the officer/operator whom answered the phone realized whom plaintiff was, the operator/officer, (Monica) became excited to hear from plaintiff. She went on to say how strange it was that a call detailing exactly what plaintiff called in inquiring about earlier was reported over 30 minutes after plaintiff called in questioning it. She said it was "one of the strangest things I'd ever encountered". It was discovered later via the Official Police Report that the person whom reported the incident to the Avondale Police Department was Fedex employee Karole Faust. Apparently at the request of plaintiffs boss, Rick Mills. Mr Mills went on to admit to this later himself (**see CD "document" exhibit 15 Audio Titled "Rick Mills" at 19:00 - 23:00**). The report was made by Karole Faust, for an incident that supposedly involved her 20 year old daughter being harassed by a supposed Fedex employee at the Fry's location. Karole Faust's

**STATEMENT OF FACTS**

daughter has never been seen, heard from, and never reported the incident herself. (**See exhibit 6**) also (**See exhibit 6.1**).

Karole Faust is an employee herself for Fedex Services here in Phoenix, AZ. She works(d) as an **Account Executive for Fedex Services**. After this incident, plaintiff immediately reported the incident to HR. (**See exhibit 7**). After this day, plaintiff began to feel ill due to the stress he was experiencing at work. He initially thought it was due to Covid, however, he was informed his issues were due to stress. He informed HR of this stress issue as well, (**See exhibit 8**). During his time away, plaintiff prayed that HR would see the seriousness in the matter, and simply removed plaintiff from the situation, hopefully placing him with a different manager. On 07/28/2020, plaintiff left his home to return to work. Upon entering his job he emailed Carla Washington questioning who he'd be reporting to (**See exhibit 9**). To plaintiffs utter surprise, he was returning to work not only reporting to Rick Mills, but on the exact same route he'd been wrongly accused of harassment on. Prior to his return, plaintiff pleaded with HR to remove him from the situation he was in, or "Reporting to Rick Mills", but they would not. Plaintiff was informed this by Carla Washington via email, (**See exhibit 10**). Plaintiff decided to inform Rick Mills that he would like to speak with his boss. Plaintiff had no other way of explaining to Mr Mills he no longer felt safe working under his authority.

**STATEMENT OF FACTS**

When plaintiff approached Rick Mills and began explaining his concern, Mr Mills immediately ignored his concerns and told plaintiff he was too busy to address them. Mr Mills then insist plaintiff to hurry and get to his vehicle. However when plaintiff insisted they speak with the boss, Mr Mills became frustrated and loud and stepped into plaintiff's face asking what his problem was. When plaintiff explained it needed to be discussed in private, Mr Mills stated it could be discussed where he and plaintiff stood. Plaintiff immediately began to discuss his concerns. However, the moment plaintiff began to speak, and Mr Mills heard what plaintiffs concern were, Mr Mills decided it was time to escort plaintiff away from the group. As Mr Mills and plaintiff walked towards the building, another manager whom heard Mr Mills and plaintiff having the discussion pulled plaintiff away, spoke with plaintiff for a bit privately, and convinced plaintiff it was best that (what plaintiff thought at the time), both he and Rick Mills return home for the day. Plaintiff complied. Initially, plaintiff began to immediately send emails to HR this day showing the results of his investigation into the Fry's incident. To plaintiffs knowledge, everything that was taking place surrounding this one issue. On 07/28/2020, Plaintiff was sent a letter stating he was under active suspension (**See exhibit 11**). On 07/29/2020, plaintiff sent HR a letter that he was again told to take off work due to stress. Plaintiff provided a copy of this letter to HR, (**See exhibit 12**). On 07/30/2020, I was reminded to check in with a manager everyday while on suspension.

**STATEMENT OF FACTS**

Plaintiff emailed Rick Mills and Carla Washington to confirm this information and was informed I was no longer on suspension. (**See exhibit 13**). Again, this was confusing to plaintiff as he was just informed he was on suspension a day prior. Apparently, plaintiffs medical issue stopped his suspension. **Only for it to resume once he was taken off of medical stress leave weeks later.** All this despite management still never resolving the investigation involving the incredibly damaging accusations of harassment later found to be created by two Fedex employees.

After being on suspension for almost 60 days for a totally separate accusation; going through a painstaking process Fedex has titled **"The Guaranteed Fair Treatment" or (GFTP)**, On September 11th 2020, Fedex Corporation made a decision to terminate plaintiff siting **"Violation of Workplace Policies"**. Something plaintiff was completely and utterly caught off guard by. Plaintiff never committed one single workplace violation his entire time working for Fedex. Rick Mills boldly lied on plaintiff and despite months of pleading with HR to help plaintiff HR sides with Rick Mills and terminates plaintiff. This was a complete surprise to plaintiff. Plaintiffs feels deeply his termination was in **Retaliation** of contacting HR regarding the sudden disappearance of his employee ID. And asking for stations video camera to be viewed.

## STATEMENT OF FACTS

Plaintiff also feels his temporary **medical Disability** rendering him unable to work during his time after surgery played a huge part in his unfair treatment as well. Even more so, the fact two employees of the same company decided to involved law enforcement and plaintiff in something he had no involvement with what so ever because he matched the description of "tall and black" is without a doubt **Discrimination** on part of Fedex Management. Plaintiff and his wife had to spend their own family time investigating this matter as Fedex management would not give him any information on the matter. It was very stressful and highly uncalled for. It's caused much needed pain in plaintiffs life. After his wrongful termination on September 11th 2020, plaintiff immediately began the process of contacting the **Arizona Office of the Attorney General Civil Rights Division,** to file a formal charge against Fedex and commence judicial proceedings.

A formal charge was filed on December 15th of 2020. However, due to plaintiffs claims being a matter of Title VII of the Civil Rights Act, plaintiff was forced to wait on the receipt of his notice of **Right to Sue**, which he did not receive until **late September - October of 2021**.


During the time of his "suspension investigation", On November 7th 2020, Karole Faust or Lanie Faust Scherberger, was contacted by plaintiffs wife via social media. Plaintiffs wife provided her phone number to Ms "Faust". To plaintiffs surprise, Ms Faust or Scherberger returned his wife's call.

**STATEMENT OF FACTS**

During this call, Ms Karole Faust stated to plaintiffs wife that her adult daughter supposedly made the claim, yet she herself decided to call the police and report it. When plaintiffs wife asked Ms or Mrs Faust or Scherberger what her daughter described the plaintiff as looking like, (seeing as he is African American with green eyes), Ms Faust claimed her daughter did not see the person she claimed harassed her. Nor did she say she even looked at the person's face. All she knew is that he was "black, tall and worked for Fedex". Ms or Mrs Faust or Scherberger then went on to discuss how she had relatives whom were officers with the **Avondale Police Department**. When plaintiffs wife thanked her for informing her of this, Ms Faust or Scherberger instantly hung up her phone. Plaintiffs wife has provided phone records and witness affidavit testimony along with photos and screen shots of this conversation. (**See exhibit 14**).

Plaintiff is a member of a Protected Class who was terminated from his only means of employment despite performing his job to company expectations. During the investigation of this matter, Fedex Management has attempted to accuse plaintiff of performance issues by providing documented counseling forms that every employee receives, daily in some cases. These "counseling forms" state clearly that they are "not disciplinary in nature".

## STATEMENT OF FACTS

It's incredibly deceptive for Fedex Attorneys and management to turn and use these same documented forms in an attempt to give the impression plaintiff was having issues with performance when he was not and had not had any issues his entire first year, (**See exhibit 14.1**). Plaintiff was not slacking on his performance. In fact, plaintiff was being asked to take the slack of other employees whom routes he himself wasn't even aware of. Plaintiff was completely lied on by his own management. Plaintiff was finishing his routes fairly early and was told by Rick Mills he was "impressing all the other bosses". Plaintiffs management allowed the 'attempted' orchestration of a plan to create a claim of harassment against plaintiff, then allow this claim to be placed into his employee file during a time he was seeking to relocate to another facility or manager.

When a customer complaint is made regarding a Fedex employee, the procedure is not to contact Law Enforcement. When plaintiff worked with the Scottsdale location he was once approached by a fellow employee who'd been accused of harassment. This employee's wife also worked in the same Hub as he, and they are still working there to this day. After the complaint was made, there was an investigation into the matter that was said to result in 'unsubstantiated' results.

## STATEMENT OF FACTS

However, not once did the employee ever mention it was ever recommended by management to contact law enforcement before finding out if he was actually involved in the incident, neither did his manager explain to him it would be required for them to be contacted or told they would be.

Unless a crime has been committed, it is not part of Fedex policy to contact law enforcement over an employee customer complaint.

These complaints are extremely common and 1 out 5 employee's have certainly received one. However, up until this day, plaintiff himself had not. Plaintiff has suffered serious defamation from this matter as well. Somehow, after plaintiff's suspension, Rick Mills spreads a rumor that plaintiff yelled things at him that referred to plaintiff being accused of "sleeping with under aged girls". Something neither plaintiff or anyone has ever suggested, mentioned, read, spoke of or ever considered prior to this matter.

Rick Mills blindly and maliciously created this rumor tarnishing plaintiffs name. When asked where he heard this information, Rick Mills says he could not remember, that he believed it came from plaintiff. Mr Mills was also caught attempting to lie and cover for Karole Faust, claiming she lived in California but worked remotely from Arizona, only to go back on his story moments later.

**STATEMENT OF FACTS**

It is clear to plaintiff what took place was a frame up. Ms Faust provided an Arizona number to plaintiffs wife and spoke of her family in Law Enforcement Avondale Arizona. It was clear to both plaintiff and his wife Ms Faust resided in Arizona. Rick Mills and Karole Faust know one another from Avondale personally as well as through being work associates and business associates. Rick Mills has indeed had additional EEOC complaints brought against him by other employees, **(see CD "document" exhibit 15 Audio Titled "Carla Washington" at 17:17 - 32:25)**. It is also clear here based on HR's (Carla Washington's) own admission that Mr Rick Mills (not being part of a protected class), was being treated completely opposite of plaintiff (being part of a protected class). Ms Washington admittedly never even investigated plaintiffs claims of retaliation Plaintiff was suspended pending investigation while Mr Mills was not. Everything that has been said against plaintiff has been from the mouth of Rick Mills including the rumor and lie that contributed to plaintiffs termination. It was only Rick Mills himself making the allegations. And despite everything, while still investigating the Fry's incident, as admitted on record, Carla Washington, gives the green light, allowing manager Rick Mills the permission to terminate plaintiff, **(see CD "document" exhibit 15 Audio Titled "Carla Washington" at 31:45 - 32:20)**. Fedex Corporation has five operating companies. These subsidiaries are Fedex Corporate, **Fedex Express**, Fedex Ground, Fedex Global Logistics, Fedex Custom, and **Fedex Services**.

### STATEMENT OF FACTS

Plaintiff has provided attached to this statement of facts CD evidence collected by the **Arizona Attorney General Office of Civil Rights Division.** The evidence collected provides audio and documented evidence taken during the time plaintiff was managed by Rick Mills, and during the Civil Rights investigation of this matter. This **secondary evidence,** and or CD or "document" can be viewed as (**CD "document" exhibit 15**) also (**See exhibit 15.1**). This "statement of facts" and included evidence or "document" is pursuant to *Section 294 of the Code of Criminal Procedure (CrPC).* Is pursuant to *Ariz. Admin. Code § 10-3-103, and pursuant to A.R.S. 41-1402(A)(9) of the Arizona Civil Rights Ac ("ACRA").*

Signature _____   Date 12/7/21

## STATEMENT OF RELIEF

Fedex Corporation appears to have a method of placing African Americans in positions of "Human Resources", in order to avoid the appearance of discrimination when it surfaces. Fedex will adhere to these long standing employees so that when these type of violations arise, a separate employee of a protected class will appear to side with Fedex in an attempt to give merit to the discredit of any claims of discrimination based on race or color.

Plaintiff has suffered severe adverse effects due to the loss of his financial ability to support his wife and children. Plaintiff has suffered embarrassment, he has been ridiculed and treated as if he was not important by a company plaintiff worked so hard to be apart of. Plaintiff lost his place of living and was unable to afford to pay his own bills. Plaintiff and his children ended up homeless living in a shelter during the height of the Covid epidemic in late November of 2020. Plaintiff has struggled to find work since this day. Plaintiffs health has suffered tremendously. Plaintiff was diagnosed as severely anemic after plaintiff began having health issues due to constant stress and worry due to his loss of financial stability.

During the time plaintiff and his family were in this homeless shelter, plaintiff along with his wife and two daughters contracted the Covid-19 virus. It was extremely difficult plaintiffs family coming down with this virus under their conditions.

**STATEMENT OF RELIEF**

Plaintiff asserts there is clear evidence of blatant discrimination, retaliation, harassment, libel, slander, false police reporting and intentional tort. All in an attempt to wrongfully terminate plaintiff. Plaintiff gives his word to the court that the attached statement of facts are true. Plaintiff asserts his claims of careless and malicious intent on behalf of Fedex management Rick Mills, Carla Washington and Karole Faust caused severe adverse effects in plaintiffs employment. These actions have directly effected the lives of plaintiff and his family. The damage caused by these actions continue to this very day. Plaintiff feels the following is fair relief in light of the severe damages plaintiff and his family has suffered due to the irresponsible behavior of Fedex management. Plaintiff is seeking **$300,000** total judgement (not including additional damages).

**$228,351.50 - Back Pay & Future Pay**

**(1 Year from plaintiffs termination date of September 11th, 2020, till time of trial , or, until plaintiff becomes fully employed)** plus future pay. **(4 Years future pay)**, at plaintiffs most recent hourly rate of **$18.49**. His schedule was **Tue-Sat 8am to 6pm** with a **30min lunch**. He was paid for **9.5hrs** a day minus a **30-minute break**. That is **$175.65** daily. **$175.65** a day at 5 days a week is **$878.27**. **$878.27 x 52 weeks** (a year having 52 weeks), is **$45,670.30 (annual gross)**.

**STATEMENT OF RELIEF**

This in the form of "back pay" or the amount of money plaintiff would have been expected to make from the date he was terminated up until the day the trial begins.

Plaintiff has provided attached to this complaint (**see exhibit 1**), a copy of plaintiffs offer letter which states his most recent pay rate including holiday pay and bonuses and all available benefit value. Plaintiff seeks front pay to provide compensation on par with what plaintiff could have expected to receive had his employment never been terminated. After being let go, it can take a significant amount of time for an individual to make earnings comparable to those in their old position. Future pay, is based on the fact plaintiff could never work for Fedex again. Plaintiff feels what was done to him, his family, the suffering they endured as a result of management was more than he could ever imagine going through again. Plaintiff feels the manner in which his concerns were so blatantly ignored was far too much to ever consider employment with Fedex again. Plaintiff feels the company in which he respected and loved so much let him down for the sake of seniority and reputation. Allowing awful things to be done to him, as well as said of him directly, indirectly, verbally and written. Plaintiffs asserts he does not blame Fedex Corporation as an entire company for the actions of a few cruel individuals, however these individuals do indeed legally represent Fedex as an entire company, and unfortunately, Fedex as an entire company has to answer for the mistakes of a chosen few.

## STATEMENT OF RELIEF

In final, plaintiff has made it clear he is not an Economist Labor Consultant by any means. Nor can plaintiff afford such professional services. Never the less, plaintiff has used the resources available to him to maneuver through this process as best as he possibly can himself. In order to give a clear, in depth, honest and accurate picture into the truth of this matter. And to truly highlight the true fallout of the ill decisions of a small few.

Plaintiff seeks judgement in the amount of $300,000.00 (not including additional damages)

Signature _____     Date 12/7/21